UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GERARDO ROMAN RODRIGUEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-05532-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF *HABEAS* CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. Nos. 1, 2)

On July 17, 2026, petitioner, proceeding with counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) Also on July 17, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*) On July 21, 2026, respondents moved for a three-day extension of time to file their opposition (Doc. No. 6), which

1

the court granted on July 22, 2026 (Doc. No. 8.)  Respondents filed their response to the petition on July 24, 2026.  (Doc. No. 9.)

In support of his *habeas* petition, petitioner alleges the following facts.  Petitioner entered the United States in 2007[1] and has lived in the United States ever since.  (Doc. No. 1 at ¶ 47.) Petitioner was detained on May 26, 2026, by ICE officers and was not provided with a warrant or notice of the reason for his detention.  (*Id.* at ¶¶ 49–52.)  In support of their response, respondents have provided documentation that petitioner[2] was served with an administrative warrant for his arrest and a notice to appear for removal proceedings on May 26, 2026.  (Doc. No. 9-1 at 7–8.)

Petitioner argues that he may not be detained pursuant to 8 U.S.C. § 1225(b) and that his continued detention absent a bond hearing pursuant to 8 U.S.C. § 1226(a) violates the Immigration and Nationality Act and the Fifth Amendment Due Process Clause.  (Doc. No. 1 at ¶¶ 58–73.)  Respondents argue that they "preserve their position that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)[]" and that because "Petitioner entered the United States illegally" he "is thus an 'applicant for admission' who is subject to mandatory detention."  (Doc. No. 9 at 2.) (citations omitted).  Respondents also contend that if the court finds that petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), respondents do not oppose this court "ordering a bond hearing."  (*Id.* at 1.)  Respondents further

[1] Respondents have alleged that petitioner voluntarily returned to Mexico when he was stopped at the border in 2008.  (Doc. No. 9-1 at 5.)  While it is not clear exactly when petitioner entered the United States, it appears that petitioner has been in the United States for multiple years given his own allegation that he has lived in the United States since 2007 (Doc. No. 1 at ¶ 47) and his apparent arrest in 2021 in California (Doc. No. 9-2 at 4).

[2] Petitioner appears to have two names.  Petitioner filed his *habeas* petition under the name Jose Gerardo Roman Rodriguez.  (Doc. No. 1.)  Petitioner's motion for temporary restraining order names petitioner as "Jose Gerardo Roman Rodriguez a/k/a Leonardo Roman Lopez" in the caption.  (Doc. No. 2.)  Petitioner has provided a screenshot of the ICE detainee locator, for a person named Leonardo Roman-Lopez, with an A-File No. 220-938-016.  (Doc. No. 1-2 at 3.) The immigration documents provided by respondents also refer to a person named Leonardo Roman-Lopez, with an A-File No. 220-938-016.  (Doc. No. 9-1 at 1–15.)  The criminal history report provided by respondents refers to a Jose Gerardo Roman Rodriguez, with a birthdate that matches the birthdate that petitioner has alleged.  (Doc. Nos. 1 at ¶ 46; 9-2 at 1–2.)  It therefore appears that petitioner is known as Jose Gerardo Roman Rodriguez and Leonardo Roman Lopez and that the documents provided all refer to petitioner.

2

indicate that they submit on their response "without additional documentation beyond the attachments provided and request that the Court rule on the Petition in its entirety." (*Id.* at 2.)

As to respondents' argument that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), the court rejects that position as it has done on several prior occasions. *See e.g.*, *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026).

Respondents' counsel argues, without any citation to authority, that the appropriate remedy here is a bond hearing so that a determination can be made regarding whether petitioner may be detained pursuant to 8 U.S.C. § 1226(c). Respondents' counsel states that she was unable to obtain records of petitioner's purported criminal convictions as alleged in the attached form I-213, which include violations of California Penal Code §§ 243.4(a) and 236.[3] (Doc. Nos. 9 at 1 n.1; 9-1 at 5.) Counsel has not requested a further extension of time to obtain such records. The evidence before the court does not establish that petitioner has sustained a conviction as defined by the INA. Further, respondents have not provided any citation to support their contention that the appropriate remedy here would be to continue petitioner's unlawful detention while he awaits a bond hearing.

Moreover, beyond noting petitioner's alleged criminal history, respondents do not argue that petitioner presents either a danger or flight risk if released. Accordingly, the court concludes that petitioner's detention by immigration authorities for over two months without being provided a bond hearing violates due process and that the appropriate remedy is to order petitioner's release, not merely a bond hearing. *Rodriguez v. Warden*, No. 1:26-cv-03222-DC-JDP, 2026 WL 1328510, at *4 (E.D. Cal. May 13, 2026) ("Here, I find that the 'typical remedy' of release is appropriate because the government has not provided a lawful justification for petitioner's detention. Petitioner's due process rights have been violated such that the provision of a bond

---

[3] According to the criminal history report provided by respondents', petitioner was arrested for alleged violations of California Penal Code §§ 288(a)(B)(2) and 647.6(a)(2). (Doc. No. 9-2 at 4.) However, the report does not list a conviction in connection with those charges. Respondents have also provided a screenshot of a Superior Court case bearing petitioner's name but the screenshot does not show that petitioner sustained any of the convictions alleged in the I-213. (Doc. No. 9-3 at 1–4.)

3

hearing is constitutionally insufficient.  Moreover, there is no allegation or evidence that petitioner has any criminal history, and respondents do not argue that he is a danger to the community or a flight risk.") (internal citations omitted), *report and recommendation adopted*, No. 1:26-cv-03222-DC-JDP (HC), 2026 WL 1506837 (E.D. Cal. May 29, 2026); *see also Huerta Huerta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02301-DAD-CSK, 2026 WL 1552359, at *2 (E.D. Cal. June 2, 2026) ("In cases such as petitioner's, where the government has not advanced any argument or provided any evidence that petitioner poses a danger to the community or a flight risk, and petitioner has been denied his statutory right to a bond hearing for months, the court finds that release is the appropriate remedy.").

For the reasons above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Jose Gerardo Roman Rodriguez a.k.a. Leonardo Roman Lopez, A-File No. 220-938-016, from respondents' custody;

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge at which hearing the burden will be set in accordance 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting petitioner *habeas* relief;

3. The Clerk of the Court is directed to serve the California City Correctional Center with a copy of this order; and

/////

/////

/////

/////

4.    The Clerk of the Court is also directed to enter judgement in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:    **July 27, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE